# Office of the Clerk

United States Court of Appeals
District of Columbia Circuit
Washington, D.C. 20001-2866

Legal Division
Martha J. Tomich, Director

October 26, 2015

(202) 216-7500

Mr. Calvin Stoddard
1613 29th Street, SE
Suite No. 101
Washington, D.C. 20020

Re: No. 15-3060, et al. - US v. Stoddard

Dear Mr. Stoddard:

    The court has received your motion to withdraw counsel, which includes a request to proceed on appeal without counsel; the motion of Mr. Conte and Mr. Soschin to withdraw as counsel; your motion for an appeal bond; and your petition for writ of mandamus and/or expedition of your motion for an appeal bond. Enclosed please find a copy of the order terminating the appearance of Mr. Conte and Mr. Soschin as your counsel on appeal. Before permitting you to proceed on appeal without counsel, however, the court would like to ensure that you fully understand the dangers and disadvantages of proceeding pro se on appeal.

    As you may already know, you have a constitutional right to the assistance of counsel on your direct appeal. Douglas v. California, 372 U.S. 353 (1963). The Supreme Court has recognized that indigent defendants pursuing the first level of appellate review are "generally ill equipped to represent themselves," Halbert v. Michigan, 545 U.S. 605, 617 (2005), and that "[n]avigating the appellate process is a perilous endeavor for a layperson." Halbert v. Michigan, id. at 621. If you choose to give up your right to appointed counsel, you should know the following:

    (1) As a person who is untrained in the law, you might not be aware of all the possible issues for appeal, the arguments that would support your appeal, or the procedures involved in pursuing an appeal.

    (2) If you appear pro se, you do not have a right to present oral argument in support of your appeal. Price v. Johnston, 334 U.S. 266, 285-86 (1948), overruled on other grounds by McClesky v. Zant, 499 U.S. 467 (1991). If you have an attorney, however, he or she might be given an opportunity to present oral argument on your behalf.

(3) If you choose to represent yourself and are dissatisfied with the outcome of the appeal, it could be very difficult for you later to attempt to file a collateral challenge to either your conviction or the decision on appeal.

If after reading the above information you would still like to proceed pro se, you do not need to do anything. The court will simply rule on your motion to proceed pro se. If you decide you would like to be represented by new counsel, you must so notify the court within 30 days of the date of this letter. Meanwhile, your petition for writ of mandamus and request for bail pending appeal will be submitted to the court for resolution.

Very truly yours,

*Martha J Tomich*

Martha J. Tomich

**Enclosed**
Order